# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

NICHOLAS CLARK,
    *Plaintiff*,

v.

THOMAS HANLEY, *et al.*,
    *Defendants*.

No. 3:18-cv-1765 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

Plaintiff Nicholas Clark is a prisoner of the Connecticut Department of Correction. Clark has filed a lawsuit against three correctional officials stemming from an alleged sexual assault against him that took place in 2011. Because I conclude that the statute of limitations clearly bars Clark's claim for relief under federal law, I will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

**BACKGROUND**

The complaint alleges Clark was imprisoned at MacDougall-Walker Correctional Institution in 2011. At some point in the summer of 2011, Clark was allegedly sexually assaulted by one of the defendants in this action. The complaint names two other defendants but does not describe what they did or did not do. *See* Doc. #1.

**DISCUSSION**

The Court has authority to dismiss an *in forma pauperis* complaint if it plainly fails to state a claim for which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). As the Second Circuit has made clear, a *sua sponte* dismissal pursuant to 28 U.S.C. § 1915 may be appropriate not only if a complaint fails to state a valid claim but also if the complaint alleges a cause of

action that is indisputably time-barred by the statute of limitations. *See Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995).

Clark has alleged a serious sexual assault, and the facts he describes suggest a violation of his right under the Eighth Amendment to be free from intentional harm or deliberate indifference to his safety as a prison inmate. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). Federal law—42 U.S.C. § 1983—allows for a cause of action for relief against a defendant who acts under color of state law to violate a plaintiff's constitutional rights. Nevertheless, a claim for relief under § 1983 must be filed within three years of the events that give rise to the cause of action. *See, e.g.*, *Walker v. Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005); *Lounsbury v. Jeffries*, 25 F.3d 131, 134 (2d. Cir. 1994).

Because Clark alleges that he was sexually assaulted in the summer of 2011, the statute of limitations for his § 1983 claim expired three years later in the summer of 2014. Clark did not file his complaint until October 26, 2018, more than four years after the statute of limitations had already expired to file his claim.

It is true that a statute of limitations may be subject to equitable tolling, but only in "rare and exceptional circumstances," where there are "extraordinary circumstances [that] prevented a party from timely performing a required act," and only if "the party acted with reasonable diligence throughout the period he sought to toll." *Walker*, 430 F.3d at 564. Clark alleges that "the D.O.C. has violated my due process to the courts by tampering with my legal mail outgoing and incoming in the attempt to have me run past the statute of limitation to file my complaint," and that "I've been trying to get this complaint to the courts for years." Doc. #1 at 7.

Beyond these conclusory allegations, Clark alleges no facts to show how anyone at the Department of Corrections obstructed his ability to file a claim, much less does he allege any

facts to show that Clark acted diligently throughout the years he seeks to be equitably tolled. The complaint alleges no facts to suggest that Clark tried at any time prior to the summer of 2014 to file an action under § 1983. Instead, the complaint attaches documents to show that Clark did not begin to inquire about filing a lawsuit until 2017, at least two years after the statute of limitations had already expired.[1]

Accordingly, I conclude that Clark's § 1983 claim must be dismissed on grounds that it is plainly barred by the statute of limitations. *See, e.g.*, *Pino*, 49 F.3d at 54 (noting that "a dismissal under section 1915(d) [now codified at 28 U.S.C. § 1915(e)] based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred more than five years before the filing of the complaint—well outside the applicable three-year limitations period, there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights").

As to any state law claims that Clark might pursue as a result of the sexual assault, there is no basis to conclude that there is diversity of citizenship as required to sustain federal jurisdiction pursuant to 28 U.S.C. § 1332. I will otherwise decline to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *see, e.g.*, *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013).

---

[1] Attached to the complaint is an Inmate Request Form dated January 7, 2017, requesting "information" about the sexual assault. Doc. #1 at 22. A DOC official responded on January 20, 2017, stating: "What are you requesting? Please be specific." *Ibid.* Almost six months later, on June 13, 2017, Clark submitted another Inmate Request Form, stating: "Hi. I would like a 1983 lawsuit form packet please." *Id.* at 24. A DOC official responded that "I do not know what a 1983 packet is, [and] if you can provide more info I will try to get it for you. In the meantime, I have given you the address for ILAP [the Inmates' Legal Aid Program]. They may help you." *Ibid.* Another letter shows that Clark opted not to speak with the Inmates' Legal Aid Program when he was called by a representative in July 2017. *Id.* at 27. These documents do not support a claim that the DOC obstructed his ability to file a lawsuit or that Clark acted with due diligence.

## CONCLUSION

For the reasons set forth above, the Court GRANTS plaintiff Nicholas Clark's motion to proceed *in forma pauperis* (Doc. #2) but DISMISSES the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) on the ground that Clark's federal constitutional claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations and on the ground that the Court declines to exercise supplemental jurisdiction over Clark's remaining state law claims. Clark's motion to appoint counsel (Doc. #10) is DENIED as moot.

The Clerk of Court shall close this case. If Clark has grounds to allege a cause of action over which this Court has jurisdiction and that is not barred by the statute of limitations, then Clark may file a motion to reopen within 30 days along with an amended complaint that states facts giving rise to plausible grounds for relief.

It is so ordered.

Dated at New Haven this 23d day of January 2019.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge