# EXHIBIT B

| ARREST WARRANT APPLICATION | | | For Court Use Only |
|---|---|---|---|
| JD-CR-64b  Rev. 3-11<br>C.G.S. § 54-2a<br>Pr. Bk. Sec. 36-1, 36-2, 36-3 CR11-160641 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | | Supporting Affidavits sealed<br>☐ Yes  ☐ No |
| Police Case number<br>1100462012 | Agency name<br>Connecticut State Police, Troop H | | Agency number |
| Name (Last, First, Middle Initial)<br>Hanley, Thomas | Residence (Town) of accused<br>Ellington | Court to be held at (Town)<br>Enfield | Geographical<br>Area number  13 |

## Application For Arrest Warrant

To: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the:  ☒ Affidavit Below.   ☐ Affidavit(s) Attached.

| Date | Signed (Prosecuting authority) | Type/print name of prosecuting authority |
|---|---|---|
| 11/14/11 | | |

## Affidavit

The undersigned affiant, being duly sworn, deposes and says:

1. I, the undersigned affiant, Trooper Paul DaCruz #868 am a member of the Department of Emergency Services and Public Protection and have been a sworn member of said Department since December 4, 2002. At all pertinent times mentioned herein I was acting in my official capacity of said Department. I am presently assigned to Troop H Community Policing Unit in Hartford and that previously I was assigned as Department of Corrections Liaison and the following facts and circumstances are stated from personal knowledge, observation, and investigation as well as from information received from brother officers acting in their official capacity.

2. I Trooper Paul DaCruz #868 believe the following circumstances shall establish that, Thomas Hanley, having a date of birth of ▓▓▓▓, did between April 2011 and June 2011 violate the Connecticut General Statutes.

3. That on August 18, 2011 I was contacted by Captain Manley from the MacDougall Correctional Institution located on 1153 East Street South in the town of Suffield, Connecticut. Captain Manley reported that while investigating General Maintenance Officer (GMO) Hanley for conveying contraband into the facility, it was discovered that Hanley was reported to having sexual relations with an inmate.

4. That on August 22, 2011 I met with Captain Beaudry at the MacDougall Correctional Institution, regarding the allegations, and he explained that Inmates Gaetano and Moore both implicated that GMO Hanley was involved in "activities" that staff members were not aware were occurring. In order to comply with Section 54-86e of the Connecticut General Statutes, the name of the victim is not being disclosed in this affidavit. The victim will be referred to as a 35 year old white male (▓▓▓▓▓▓▓▓▓▓▓). Captain Beaudry explained that the 35 year old white male refused to speak with him during the initial interview. Captain Beaudry further explained that Inmate Gaetano, Inmate Moore and the 35 year old white male were later re-interviewed. Inmate Gaetano and Inmate Moore told Captain Beaudry that GMO Hanley was having sexual relations with the 35 year old white male. The 35 year old white male was also re-interviewed and alleged that he had sexual relations with

(This is page 1 of a 6 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 2011 NOV 7 | TFC /s/ 868 |
| Jurat | Subscribed and sworn to before me on (Date)<br>11/7/11 | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public)<br>Sgt ▓▓▓▓ 277 |

## Finding

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| Date and Signature | Signed at (City or Town)<br>Enfield | On (Date)<br>11/14/11 | Signed (Judge/Judge Trial Referee) | Name of Judge/Judge Trial Referee<br>Danner |

| ARREST WARRANT APPLICATION<br>JD-CR-64a Rev. 3-11<br>C.G.S. § 54-2a<br>Pr. Bk. Sec. 36-1, 36-2, 36-3 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | | |
|---|---|---|---|
| Name (Last, First, Middle Initial)<br>Hanley, Thomas | Residence (Town) of accused<br>Ellington | Court to be held at (Town)<br>Enfield | Geographical Area number **13** |

## Affidavit - Continued

GMO Hanley on several occasions. The 35 year old white male requested to speak to a state trooper to file a complaint.

5. That on August 22, 2011 at approximately 1043 hours I met with the complainant, the 35 year old white male, at the MacDougall Walker Correctional Institution. The 35 year old white male provided the following written statement regarding his complaint:

"I have been incarcerated at MacDougall Correctional Institution for the last two years. While at MacDougall I worked for maintenance as an electrician assigned to Electrical Maintenance Officer Kouts. I'm guessing about three months ago General Maintenance Officer (GMO) Hanley started to ask me to help him doing electrical jobs on washers and dryers. Hanley was responsible to maintain the washers and dryers in the facility. In the beginning I started working for Hanley quite a bit because Kouts did not have much work for me. I liked working for Hanley because he was a fun boss that is why I worked with him in the beginning. Within a couple of weeks of working for Hanley I was changing my socks and Hanley mentioned that he liked feet. He wanted me to let him rub my feet so I let him. He started rubbing and he was making noises, like breathing hard. I don't know how it stopped that day. Maybe a few days after the foot incident, Hanley walked up behind me in the Laundry Room while I was at the tool box. He pressed his body up against me from behind and he started rubbing my shoulders and arms. Hanley and I then went back behind the dryers and started rubbing my crotch over my pants. He then pulled out my penis and started rubbing it. He pulled my pants down a little bit and I started rubbing his penis through his pants. I did that on my own Hanley did not ask me to do that. The rubbing went on for a little while and then I slowly went down towards him and started to give him oral sex. I did that on my own but I felt that I had to do that because I felt that it was expected of me in that situation. Then I stopped doing that and I stood back up and he kept using his hands on me. I thing [think] I was naked at that point. He kept masturbating me until I had an orgasm. Hanley gave me paper towels to clean up the floor and myself. That was it. Inmate Moore was in the laundry room at the time of the incident but I'm not sure if he saw anything. I never spoke to Inmate Moore about anything like that.

The second time it happened in the shop, probably within a week of the first incident in the laundry room. Inmate Moore was there but I don't think he saw anything and purposely didn't look. On that day Hanley was sitting next to me in the shop, side by side, and he started rubbing me. Hanley started rubbing my crotch area over my pants and then took out my penis. He started rubbing my penis and then I did the same thing to him. I started rubbing his crotch through his pants and then he took out his penis out of his pants. I then started to rub his penis. When I say rub I actually mean masturbating. That's all that happened and neither of us ejaculated. That incident did not last as long as the first incident. This happened during an off count sheet, which is used to account for inmates during count who are not in there unit.

(This is page 2 of a 6 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| 2011 NOV 7 | TFI 968 |
| **Jurat** Subscribed and sworn to before me on (Date) 11/7/11 | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
| Reviewed (Prosecutorial Official) | Date 11/7/11 | Reviewed (Judge/Judge Trial Referee) | Date 11/14/11 |

| ARREST WARRANT APPLICATION<br>JD-CR-64a Rev. 3-11<br>C.G.S. § 54-2a<br>Pr. Bk. Sec. 36-1, 36-2, 36-3 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | | |
|---|---|---|---|
| Name *(Last, First, Middle Initial)*<br>Hanley, Thomas | Residence *(Town)* of accused<br>Ellington | Court to be held at *(Town)*<br>Enfield | Geographical Area number **13** |

## Affidavit - Continued

*The next incident happened about a week later in L1 Unit upstairs in the chase way behind the showers. The chase way is the area behind the showers to access the plumbing. I thought we were going to fix something but Hanley came up to me and started rubbing me again. The area is very narrow and we were standing face to face. He started rubbing my crotch and my body over my clothes. It progressed to us masturbating each other like in the shop. At one point I told him that we should stop and go back out into the unit. We then went back to the unit and neither of us ejaculated. I think Hanley set this all up because we did not do any work to the showers. Inmate Moore and Inmate Gaetano were with Hanley and me and waited in a small area near the showers because they were not able to fit in the tight space. Nothing happened after that.*

*The fourth incident happened in the main laundry room again, about a few days to a week later. That time Inmate Moore and Inmate Gaetano where both there. Hanley came up to me and started rubbing my body and hair. After a few minutes Hanley took me into the storage closet. He took my shirt off, he pulled my pants down and he got onto his knees and started hugging me from the side. Hanley started masturbating me while rubbing my body with his body. That felt like it went on for a while and I told we should stop. Hanley was fully clothed and I was naked. Hanley was so into it, almost like he was in a trance. So Hanley didn't stop and he kept going for a few minutes so I told him again that we should stop. Hanley kept going so I pulled up my pants and that's when he finally stopped. We then left and that was the last time we had physical contact. After the last incident I briefly told Inmate Moore about what happened between Hanley and me. I told Moore that I did not want this to continue and Hanley stopped after that. Moore told me that he talked to Hanley and that I had nothing to worry about anymore. I later found out that Hanley had a video camera in the facility. As far as I know he did not video record any of the incidents between us. I do not know the exact dates of the incidents. Hanley did not threaten me to perform any sexual acts but said he would take [care] of me by feeding me well. I kind of felt obligated into engaging in the sexual acts with Hanley."*

6. That According to an RT60, inmate movement history, the 35 year old white male was incarcerated at the MacDougall Walker Correctional Institution between 11/30/2007 until 08/30/2011. That through Captain Beaudry I confirmed that the GMO Hanley was employed at the MacDougall Correctional Institution between 11/30/2007 and August 30, 2011.

7. That on August 22, 2011 at approximately 1222 hours I met with, Inmate Michael Gaetano, who was identified as a witness, at the MacDougall Walker Correctional Institution. Inmate Gaetano provided the following written statement:

*"I have been incarcerated at the MacDougall Correctional Institution for about the last six years. I have been as a maintenance worker since August 27, 2010 assigned to General Maintenance. I was*

(This is page 3 of a 6 page Affidavit.)

| Date | Signed *(Affiant)* | |
|---|---|---|
| 2011 NOV 7 | TFC J.E. 868 | |
| **Jurat** Subscribed and sworn to before me on *(Date)* 11/7/11 | Signed *(Judge/Clerk, Commissioner of Superior Court, Notary Public)* | |
| Reviewed *(Prosecutorial Official)* Date 11/7/11 | Reviewed *(Judge/Judge Trial Referee)* | Date 11/7/11 |

| ARREST WARRANT APPLICATION<br>JD-CR-64a Rev. 3-11<br>C.G.S. § 54-2a<br>Pr. Bk. Sec. 36-1, 36-2, 36-3 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | | | |
|---|---|---|---|---|
| Name (Last, First, Middle Initial)<br>Hanley, Thomas | | Residence (Town) of accused<br>Ellington | Court to be held at (Town)<br>Enfield | Geographical Area number  13 |

## Affidavit - Continued

assigned to General Maintenance Officer (GMO) Rosado. When my boss, Rosado, was busy I was assigned to GMO Hanley. Between April and the end of June 2011 while working with GMO Hanley I was present, on two occasions, while Hanley had sexual relations with [the 35 year old white male]. [The 35 year old white male] worked in the electrical department as an electrician. GMO Hanley would take [the 35 year old white male], Inmate Moore and myself off count to be alone with[the 35 year old white male]. On one occasion GMO Hanley took Inmate Moore, [the 35 year old white male] and me to the L1 Unit to go fix something. [The 35 year old white male] and Hanley went into the catwalk behind the showers. They were looking to work on the slop sink (Closet sink) timers. I witnessed GMO Hanley pull down his pants and expose his genitals to [the 35 year old white male]. Then Hanley began to touch [the 35 year old white male] exposed genitals. I saw them masturbate each other and I then turned away.

On [the] second occasion, maybe within a month of the first incident, Inmate Moore, [the 35 year old white male] and I were in the main laundry with GMO.... I was standing in front of the dryers and Hanley and [the 35 year old white male] were standing in front of caustic closet. I saw Hanley touching [the 35 year old white male] on [the 35 year old white male] stomach. Hanley and [the 35 year old white male] then went into the closet for approximately 20 to 30 minutes. Hanley looked nervous before they went into the closet. I did not see any physical contact while GMO Hanley while they were in the closet. Hanley would ask me and Moore to watch door and let him know if anyone was coming.

That on July 29, 2011 I saw GMO Hanley talking with Inmate Moore in the laundry room. A few minutes later I walked behind the big washers that Inmate Moore was playing with some sort of electronic device. Inmate Moore told me it was camera and were messing with it taking pictures. Later on went to each lunch in the back corner of the laundry and Inmate Moore asked me to come over. Inmate Moore was video recording Hanley and the ▓▓▓▓▓. Inmate Moore and I were making comments that about Hanley being a freak. We made other comments toward Hanley because were making fun of him. We were just fucking around."

8. That according to an RT60 Inmate Gaetano was incarcerated at the MacDougall Walker Correctional Institution between 02/03/2005 until 08/30/2011.

9. That on August 22, 2011 at approximately 1346 hours I met with, Inmate John Moore, who was identified as a witness, at the MacDougall Walker Correctional Institution. Inmate Moore provided the following written statement:

"I have been incarcerated at the MacDougall Correctional Institution for about the last three years. I was assigned as a maintenance worker assigned to GMO Hanley for the last year. On four or five times I saw Hanley and[the 35 year old white male] having physical contact between the end of April

(This is page 4 of a 6 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| Jurat  Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
| Reviewed (Prosecutorial Official)  Date | Reviewed (Judge/Judge Trial Referee)  Date |

| ARREST WARRANT APPLICATION<br>JD-CR-64a Rev. 3-11<br>C.G.S. § 54-2a<br>Pr. Bk. Sec. 36-1, 36-2, 36-3 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | | |
|---|---|---|---|
| Name (Last, First, Middle Initial)<br>Hanley, Thomas | Residence (Town) of accused<br>Ellington | Court to be held at (Town)<br>Enfield | Geographical Area number<br>13 |

## Affidavit - Continued

and the middle of June 2011. The first time Hanley played with [the 35 year old white male's] feet in the maintenance shop. The next time was in the main laundry I saw Hanley walk up behind [the 35 year old white male] and push his body against [the 35 year old white male]. Hanley was rubbing his shoulders. Then Hanley [the 35 year old white male] behind the main dryers and I had to go back there to get some tools. I saw them jerking each other off. The next time I witnessed [the 35 year old white male] on his knees in front of Hanley and I assume [the 35 year old white male] was blowing Hanley. The next time, I believe in L1 Unit chase way for the showers, I saw [the 35 year old white male] and Hanley jerking each other off. At that time it was me and Mike Gaetano in the closet while they were in the chase way. The next time we were in the main laundry and Hanley walked behind [the 35 year old white male] and rub his shoulders. Hanley and [the 35 year old white male] then walked into the caustic closet for at least 30 minutes. I did not see what happened in the close[t]. The next time was in the shop over where Hanley's desk was and Hanley and [the 35 year old white male] were jerking each other off. After that [the 35 year old white male]came to me and told me he did not want to go out on any more jobs with Hanley because of what was going on. [The 35 year old white male] told participate in any more sexual activities with Hanley. That's when I had a talk with Hanley to stop messing with Hanley. I told Hanley that I would go tell Clifford, who is the Maintenance Supervisor, to pull [the 35 year old white male] out of the work detail. These incidents with [the 35 year old white male] happened within three months.

For as long I worked with Hanley he would always bring in his cell phone, which I think was a Droid, and other electronic devices such as I pod and MP3 players. Sometime in the in the end of July 2011 Hanley brought in his Droid and he ordered a spy pen camera from the internet using the phone. Hanley then brought Sony video recorded and asked you video record him and the new kid, who I don't know by name. I recorded Hanley and the new kid several times in one day. Hanley asked me to pan the camera on the new kid's feet. Hanley had some type foot fetish and he loved to rub instead of having sex. I made comments on the video which were sarcasm and we make many references to Silence of the Lambs movie. Hanley asked me if he could knock the kid to rub the kid. Hanley definitely intended to engage in sexual relations with the new kid. I told Hanley that he would go to jail I told him that I would not allow him to do that."

10. That according to an RT60 Inmate Moore was incarcerated at the MacDougall Walker Correctional Institution between 11/13/2008 until 08/31//2011.

11. That according to Captain Beaudry from MacDougall Correctional Institution the areas that were described where the sexual assaults took place are areas that are not monitored by video surveillance.

12. That during my interviews with Inmate Gaetano, Inmate Moore and the 35 year old white male, they made reference to the "off count" sheets, which would show the some of the days they were

(This is page 5 of a 6 page Affidavit.)

| Date | Signed (Affiant) |
|---|---|
| Jurat  Subscribed and sworn to before me on (Date) | Signed (Judge/Clerk, Commissioner of Superior Court, Notary Public) |
| Reviewed (Prosecutorial Official)   Date | Reviewed (Judge/Judge, Trial Referee)   Date |

| ARREST WARRANT APPLICATION<br>JD-CR-64a Rev. 3-11<br>C.G.S. § 54-2a<br>Pr. Bk. Sec. 36-1, 36-2, 36-3 | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov | | |
|---|---|---|---|
| Name *(Last, First, Middle Initial)*<br>Hanley, Thomas | Residence *(Town)* of accused<br>Ellington | Court to be held at *(Town)*<br>Enfield | Geographical<br>Area number  **13** |

## Affidavit - Continued

assigned to GMO Hanley. That the off count sheets are used by the facility to document/account for inmates that are not secured in their respective housing units during population count. The off count sheets are only used to account for inmates during population counts and do not document when inmates are assigned to staff members at all other times. According Captain Beaudry there is no documentation to track inmate assignments on any particular day except for the off count sheets.

13. That according to the MacDougall-Walker Correctional Institution inmate off count sheets for GMO Hanley ranging from May 6, 2011 through August 4, 2011, the 35 year old white male was assigned to GMO Hanley, as well as the following inmates, on the following days:
1. May 6, 2011 Inmate Moore Inmate Gaetano
2. May 12, 2011 Inmate Moore Inmate Gaetano ▮▮▮▮
3. May 13, 2011 Inmate Moore Inmate Gaetano ▮▮▮▮
4. May 20, 2011 Inmate Moore Inmate Gaetano ▮▮▮▮
5. May 25, 2011 Inmate Moore Inmate Gaetano ▮▮▮▮
6. June 10, 2011 Inmate Moore

14. That on August 24, 2011 GMO Hanley returned my telephone call and voluntarily agreed to meet with me on Friday, August 26, 2011 for an interview. On August 25, 2011 at approximately 1900 hours I was contacted by Attorney TR Paulding, by telephone, who explained that he was representing Thomas Hanley. Attorney Paulding explained that he was going to advise that his client, Thomas Hanley, not to be interviewed regarding this investigation.

15. That GMO Hanley is accused of having sexual intercourse (fellatio) with the alleged victim, who is in custody of the Department of Correction, on one occasion and sexual contact on three separate occasions with the 35 year old white male (▮▮▮▮▮▮) inmate between sometime in April of 2011 and June 2011.

16. That, based on the above facts and circumstances, I believe that I have probable cause to show that the accused, Thomas Hanley having a date of birth of ▮▮▮▮▮, did commit Sexual Assault in the second degree in violation of Connecticut General Statute 53a-71 and three counts of Sexual Assault in the fourth degree in violation of C. G. S. 53a-73a. I respectfully request that an arrest warrant be issued for Thomas Hanley (DOB ▮▮▮▮) for violation of the above mentioned Connecticut General Statutes.

This application has been presented to no other court or magistrate.

*(This is page 6 of a 6 page Affidavit.)*

| Date<br>2011 NOV 13 | Signed *(Affiant)* |
|---|---|
| Jurat  Subscribed and sworn to before me on *(Date)* | Signed *(Judge/Clerk, Commissioner of Superior Court, Notary Public)* |
| Reviewed *(Prosecutorial Official)*    Date | Reviewed *(Judge/Judge Trial Referee)*    Date 11/14/11 |

**SENTENCE MODIFICATION**
**APPLICATION, MOTION AND ORDER**
JD-CR-68 Rev. 4-11
Gen. Stat. §§ 53a-39, 54-227
Pr. Bk. Sec. 43-21

**STATE OF CONNECTICUT** 
**SUPERIOR COURT** 

Fill out 3 copies of this form. File 2 copies with the Clerk. File the 3rd copy with prosecuting attorney who presented the case to the trial court. Do not use this form to ask the court for additional jail credit.

**Instructions to Clerk**
1. Do not accept this form if the only relief being sought is additional jail credit.
2. Do not accept this Application if the Defendant indicates being in the custody of the Department of Correction and fails to submit a completed JD-VS-3, Inmate Notice of Application.
3. Stamp form, on filing. File original as pending matter. Give one copy to Presiding Judge.
4. Prepare Judgment in triplicate. After judgment, distribute: The original and one copy to Records Center, one for filing with original information, and one for filing under date of this order; One copy to defendant or his/her counsel; If the defendant is confined, one copy to the record's office of the correctional facility in which he/she is confined; One copy to probation, if defendant is placed on probation or the existing probation is modified.

| Inmate number | | | | | |
|---|---|---|---|---|---|
| Docket number H13W-CR11-0160641-S | State of Connecticut vs. THOMAS F. HANLEY | Geographical Area number 13 | Place of sentencing (Town) ENFIELD | Date of sentencing 01/17/2013 |
| Crime(s) of which the defendant was convicted (Three Counts) SEXUAL ASSAULT 4th Degree, 53a-73a(a)(1)(F) | | | | Date of birth |

Original sentence (Specify period of suspension, if any; and fine, if any. If original sentence was modified, so state and also specify new sentence.)

**TOTAL EFFECTIVE SENTENCE: 3 YEARS, E/S AFTER 1 YEAR, 2 YEARS OF PROBATION**

| Name of Judge entering original sentence SCHEINBLUM, J. | Name of jail | Date jail sentence began 01/17/2013 | Amount of fine paid, if any |
|---|---|---|---|

**Motion For Modification**

I, the Defendant or the Attorney for the Defendant signing below, affirm that this motion does not apply to any portion of a sentence imposed that is a mandatory minimum sentence for an offense which may not be suspended or reduced by the court and request that the sentence of the defendant be modified by:

☐ suspending execution of the unexecuted portion of the jail sentence.

☒ Eliminating the previously-ordered commitment to the Office of Adult Probation, and by way of substitution imposing a two year period of conditional discharge. CONDITIONS TO CONTINUE — ALL PREVIOUS CONDITIONS OF PROBATION.

Complete the following questions
a) Was the defendant sentenced to a definite sentence of more than three years? ☒ No ☐ Yes  *(If yes, the state's atty. must sign below agreeing to seek a review of sentence.)*
b) Was a motion for a modification of sentence previously filed in this case? ☒ No ☐ Yes  *(Date filed)* _____
c) Is the Defendant presently in the custody of the Department of Correction? ☒ No ☐ Yes*

* If yes, a completed form JD-VS-3, Inmate Notice of Application, is attached to this application as proof of notice to the Office of Victim Services and to the Department of Correction.

Reason for request (Attach sheet, if necessary) DEFENDANT IS A RESIDENT OF THE STATE OF FLORIDA HAS EMPLOYMENT AVAILABLE IN THAT STATE AND PROBATION CONTINUES TO KEEP HIM HERE WITHOUT TRANSFER OF SUPERVISION. ALL OF HIS FAMILY LIVE IN FLORIDA (OR ARE SOON MOVING THERE)

| Dated at (Town) MANCHESTER | On (Date) 2-28-2014 | Signed (Defendant or Attorney for Defendant) |
|---|---|---|
| I ☒ concur with ☐ oppose the defendant's request to seek review of the sentence. | On (Date) 3/13/14 | Signed (State's Attorney)(Complete if defendant sentenced to more than 3 years) |

**Judgment**

The foregoing motion having been presented to and considered by the Court,

☒ 1. The motion for modification is ~~denied~~ GRANTED
☐ 2. The sentence of said defendant is hereby modified in the following respect(s) only:
  ☐ Execution of the unexecuted portion of the jail sentence is to be suspended on (date) _____ and after release the defendant is:
  ☐ committed to the custody of the Probation Officer, for the term of _____
  ☐ discharged from custody.
☐ (Other) _____

| Judgment on motion entered at (Town) Enfield | On (Date) 3-13-14 | By order of the court (Name of Judge) Scheinblum |
|---|---|---|
| Signed (Assistant Clerk) | | |