# EXHIBIT E

| State of Connecticut<br>Department of Correction | Directive Number<br>6.12 | Effective Date<br>8/15/2009 | Page 1 of 6 |
|---|---|---|---|
| ADMINISTRATIVE<br>DIRECTIVE | Supersedes<br>Sexual Assault Prevention Policy, dated 2/15/2007 ||||
| Approved By<br>*Bri K. Murphy* | Title<br>Sexual Assault Prevention Policy ||||

1. **Policy**. The Department of Correction shall maintain a zero tolerance policy on sexual assault that actively identifies and monitors any inmate who exhibits characteristics of a victim or predator. Each facility shall establish procedures for sexual assault prevention and intervention.

2. **Authority and Reference**.

    A. Public Law 108-79, Prison Rape Elimination Act of 2003.
    B. Connecticut General Statutes, Sections 18-81, 53a-70, 53a-71, 53a-71a, 53a-72a and 53a-73a.
    C. Administrative Directives 1.6, Monthly and Annual Reports; 1.10, Investigations; 2.7, Training and Staff Development; 6.1, Tours and Inspections; 6.6, Reporting of Incidents; 6.9, Control of Contraband and Physical Evidence; 8.13, Sex Offender Programs; and 10.12, Inmate Orientation.
    D. University of Connecticut Health Center, Correctional Managed Health Care, Policy G9.01, Sexual Contact/Assault.
    E. American Correctional Association, Standards for Adult Correctional Institutions, Fourth Edition, January 2003, Standards 4-4281-1 through 4-4281-8 and 4-4406.
    F. American Correctional Association, Performance-Based Standards for Adult Local Detention Facilities, Fourth Edition, June 2004, Standards 4-ALDF-2A-29, 4-ALDF-4D-22, 4-ALDF-4D-22-1 through 4-ALDF-4D-22-8 and 4-ALDF-7B-10.
    G. National Commission on Correctional Health Care, Prison Health Standards, 2003, Standard P-G-09.

3. **Definitions**. For the purposes stated herein, the following definitions apply:

    A. **Abusive Sexual Contact**. The intentional touching, either directly or through the clothing, of the genitalia, anus, breasts, inner thigh or buttocks of another person without his or her consent, or of a person who is unable to consent or refuse. Abusive sexual contact shall also include any unwanted and/or forced kissing and hugging.
    B. **Nonconsensual Sexual Act**. The intentional contact between the penis and the vagina or the penis and the anus including penetration, however slight; **OR** contact between the mouth and penis, vagina, or anus; **OR** penetration of the anal or vaginal opening of another person by a hand, finger, or another object without his or her consent, or of a person who is unable to consent or refuse.
    C. **Separation Profile**. A record specifying the need and reason for keeping two (2) or more individuals apart from each other.
    D. **Sexual Assault**. For the purposes of this Directive, sexual assault shall be a collective term encompassing the definitions of Abusive Sexual Contact, Nonconsensual Sexual Act, Staff Sexual Harassment and/or Staff Sexual Misconduct.
    E. **Sex Offender Programs**. Services which may include orientation, psychoeducational groups, individual counseling, group counseling, pharmacological interventions, discharge planning, and other clinical interventions.

| Directive Number | Effective Date | Page 2 of 6 |
|---|---|---|
| 6.12 | 8/15/2009 | |
| **Title** | | |
| Sexual Assault Prevention Policy | | |

  F. <u>Staff Sexual Harassment</u>. Any behavior or act of a sexual nature directed toward an inmate by an employee, volunteer, official visitor, or other agency representative, to include sexual relationships of a romantic nature between staff and inmates.

  G. <u>Staff Sexual Misconduct</u>. Behavior that includes repeated verbal statements, comments or gestures of a sexual nature to an inmate by an employee, volunteer, official visitor, or other agency representative.

4. <u>Staff Training</u>. Each direct contact employee shall receive training in sexual assault prevention and related topics in accordance with Administrative Directive 2.7, Training and Staff Development.

  A. <u>Pre-Service Orientation Training</u>. Newly hired staff with direct inmate contact shall receive training on sexual assault prevention prior to being assigned to a facility. Staff shall be trained to:

    1. have a general understanding of the Prison Rape Elimination Act (PREA);
    2. identify sexual assault as it occurs in jails and prisons;
    3. identify the traits and characteristics of the potential victim;
    4. identify the traits and characteristics of the potential predator;
    5. identify Rape Trauma Syndrome;
    6. identify staff intervention practices; and,
    7. discuss crime scene preservation protocol for sexual assault.

  B. <u>In-Service Training</u>. Staff with direct inmate contact shall receive refresher training on sexual assault prevention annually.

  C. <u>Roll Call Notices</u>. Each facility shall update staff as needed via roll call notices as directed by the Unit Administrator in consultation with the Director of Health and Addiction Services.

5. <u>Inmate Orientation</u>. Each inmate upon admission to the Department shall receive orientation that includes a presentation of the "Sexual Assault Prevention for Inmates" video in accordance with Administrative Directive 10.12, Inmate Orientation. Each inmate shall sign the designated form acknowledging receipt of sexual assault materials.

Inmates assigned to the Northern Correctional Institution shall receive a "Sexual Assault Prevention for Inmates" handout as well as the Inmate Handbook with information regarding the Prison Rape Elimination Act and personal safety. In addition, upon admission, the orientation counselor shall meet with each inmate to ensure his/her familiarization with the written orientation materials.

6. <u>Victim Profile</u>. The following represents characteristics or traits that may subject an inmate to sexual assault:

  A. Vulnerable;
  B. Non-violent;
  C. Young or youthful in appearance;
  D. Small physical stature;
  E. First time incarcerated or new to the facility;
  F. Effeminate (e.g., beardless, smooth skinned, more feminine in appearance, etc.);

| Directive Number | Effective Date | Page |
|---|---|---|
| 6.12 | 8/15/2009 | 3 of 6 |
| Title | | |
| Sexual Assault Prevention Policy | | |

       G.     Homosexual or transgender;
       H.     Engaging in promiscuous or provocative behavior;
       I.     Lacking street smarts;
       J.     Mental illness or intellectual disability/deficit;
       K.     Physical disabilities;
       L.     Past victim of sexual assault; and/or,
       M.     Convicted of a sex crime.

7.    <u>Predator Profile</u>. The predator in a male on male or female on female sexual assault does not necessarily perceive himself/herself as being homosexual. Often, the perpetrator is hypermasculine and utilizes aggression to gain a sense of importance. The sexual predator will watch and wait until the right type of inmate is accessible and create the opportunity to begin the "grooming" of the targeted inmate. The typical predator may demonstrate one or more of these character traits:

       A.     Violent history (street smart and an experienced fighter);
       B.     History of sexually assaulting other inmates;
       C.     History of being sexually assaulted;
       D.     Large physical stature;
       E.     Mentally challenged;
       F.     Possesses power and authority (feared by most inmates and staff);
       G.     Recidivist (experienced in prison culture);
       H.     Has an antisocial personality;
       I.     More verbal, aggressive and extroverted (extremely self-confident);
       J.     Manipulative;
       K.     Engages in other criminal activity as well; and/or,
       L.     Objectifies women (uses pornography personally as well as using it to barter with, and to manipulate other inmates).

8.    <u>Staff Awareness</u>. Staff awareness is an important component for curtailing sexual assault. Staff shall focus on identifying potential signs of victimization and intervene before the incident occurs. Staff shall treat any observation of sexual activity as a potential sexual assault. Staff may gain awareness through:

       A.     the discovery of a sexual assault in progress or the observation of an incident, which includes sexual threats or pressure.
       B.     a victim's report of an incident that has occurred.
       C.     information provided by a third party inmate.
       D.     the discovery of medical evidence of a sexual assault during an examination.
       E.     overhearing inmates discussing an incident involving sexual assault.
       F.     unlikely friendships that develop that raise curiosity such as an older, more experienced inmate befriending a younger, less experienced inmate.
       G.     an inmate displaying some of the characteristics of Rape Trauma Syndrome:

              1.     Sleep difficulties;
              2.     Disturbed eating habits;
              3.     Symptoms specific to the attack;
              4.     Startled reactions;
              5.     Withdrawn;
              6.     Emotional expressions such as crying, shaking;

| Directive Number<br>6.12 | Effective Date<br>8/15/2009 | Page **4** of **6** |
|---|---|---|
| **Title**<br>Sexual Assault Prevention Policy | | |

       7.    Isolates from others; and/or,
       8.    Extremely over alert.

      An inmate may fit some of the characteristics associated with the victim profile.

9. **Sexual Assault Prevention**.

   A. **On Intake to the Facility**. During intake, staff shall determine through the appropriate classification means if a victim/predator profile exists. If a victim/predator profile exists, the staff member discovering such profile shall verbally report the profile to the Shift Commander or designee.

   B. **While Housed at the Facility**. Staff shall conduct random tours throughout their area(s) of responsibility in accordance with Administrative Directive 6.1, Tours and Inspections. The use of video surveillance cameras shall be used to augment staff tours for increased observation. Each facility shall identify blind spots where sexual assaults are at higher risk of occurring and develop a strategy to compensate for such areas.

10. **Staff Monitoring and Intervention**. All staff shall report any instance of alleged or actual sexual assault/victimization to a shift supervisor immediately and provide documentation in accordance with Administrative Directive 6.6, Reporting of Incidents.

    A. **Staff Action**. If a staff member suspects or an inmate alleges that he/she or another inmate may have suffered a sexual assault or victimization, the following actions shall be implemented:

       1. Identify, separate and secure inmates involved, if necessary.
       2. Identify the crime scene and maintain the integrity of the scene for evidence gathering.
       3. Notify a shift supervisor of the incident immediately.
       4. Do not allow any inmates involved to shower, wash, drink, eat, defecate, or change underwear until examined.
       5. Document incident on CN 6601, Incident Report and forward to a shift supervisor in accordance with Administrative Directive 6.6, Reporting of Incidents.

    B. **Supervisory Action**. In addition to the requirements of Section 10(A) above, the supervisor shall:

       1. Contact the facility duty officer and the Connecticut State Police immediately.
       2. Alert health services staff immediately. Escort the victim to the Health Services Unit for a private medical and mental health assessment as soon as possible. Ensure that the victim is not left alone.
       3. Explain to the victim that there is help available to cope with the situation.
       4. Offer or make arrangements for the victim to speak with the facility's religious service representative.
       5. Complete all necessary reports in accordance with this Directive and Administrative Directive 6.6, Reporting of Incidents.

| Directive Number | Effective Date | Page 5 of 6 |
|---|---|---|
| 6.12 | 8/15/2009 | |
| Title | | |
| Sexual Assault Prevention Policy | | |

    C.    **All Employees**. Each employee shall:

        1.    Avoid labeling the victim or predator by using slang or inappropriate words.
        2.    Treat a sexual assault incident as a confidential matter.
        3.    Recognize that sexual assault survivors may engage in sexual acts, which present an appearance of being consensual out of desire for protection from violent assaults and to minimize risk of HIV infection.
        4.    Treat known survivors and targets of sexual assault fairly and without discrimination.
        5.    Become familiar with your area of responsibility and identify vulnerable sites for potential sexual activity.

11.    **Evidence Protocol/Securing the Area**. The area of any attempted or actual sexual assault shall be treated as a possible crime scene in accordance with Administrative Directive 6.9, Control of Contraband and Physical Evidence. Once the inmate is removed from the area, care shall be taken not to disturb the suspected crime scene. Items shall not be cleansed or removed. Photos shall be taken of the suspected crime scene and any suspected physical evidence. Sketches and notes should be made of the cell and location if items removed. Only authorized personnel shall be allowed to enter the area. The collection of physical evidence shall be conducted by the Connecticut State Police or in instances when authorized by the Connecticut State Police, the Department shall collect, secure and store physical evidence. If required, Department personnel shall collect evidence as follows:

    A.    Latex or rubber gloves shall be used.
    B.    Each specific item of physical evidence shall be placed in a separate paper bag, envelope or container so as to avoid disturbing or compromising the integrity of the physical evidence.
    C.    The storage container shall be tagged utilizing CN 6901, Contraband/Physical Evidence Tag and Chain of Custody.
    D.    Physical evidence items when removed from the scene shall be placed directly in the physical evidence storage area or turned over to the appropriate law enforcement agency.
    E.    Once the Connecticut State Police have cleared the scene, the Unit Administrator or designee may issue the orders for the cell to be cleaned and inventoried.

12.    **Investigation of Sexual Assaults**. The Connecticut State Police shall serve as the investigating authority in all incidents of sexual assault within the Department of Correction. The Department's Security Division shall assist the Connecticut State Police as appropriate and shall conduct an internal investigation into the incident in accordance with Administrative Directive 1.10, Investigations.

13.    **Classification**. Victims/alleged victims of sexual assault and predators/alleged predators shall be identified and tracked through appropriate classification means. Inmates involved in sexual assaults shall be kept separate from each other by means of a separation profile utilizing CN 61201, Sexual Predator/Victim Profile Request.

Inmates who are identified as sexual predators or potential sexual predators as determined by the Sex Offender Administrator shall be

| Directive Number | Effective Date | Page |
|---|---|---|
| 6.12 | 8/15/2009 | 6 of 6 |
| Title | | |
| Sexual Assault Prevention Policy | | |

       appropriately housed at the facility or may be transferred to another facility for the purposes of separation from potential victims.

14. **Victim Support**. Victims of sexual assault shall be referred to qualified mental health professionals for treatment and follow-up, as necessary. Health services staff shall make appropriate referrals to Connecticut Sexual Assault Crisis Services (CONNSACS) to provide additional counseling and support for victims/survivors of sexual assault.

15. **Predator Management**. Inmates identified as sexual predators shall be managed in accordance with Administrative Directives 8.13, Sex Offender Programs.

16. **Reporting**. Documentation and reporting of sexual assaults or related behavior shall be as follows:

    A. **Internal Reporting**. All sexual assaults shall be documented on CN 6601, Incident Report in accordance with Administrative Directive 6.6, Reporting of Incidents and included in the monthly Statistical Tracking Analysis Reporting System (STARS) Report in accordance with Administrative Directive 1.6, Monthly and Annual Reports. The STARS Report shall list the following categories of sexual assault:

        1. Alleged rapes;
        2. Abusive sexual contacts;
        3. Nonconsensual sexual acts;
        4. Staff sexual harassment of inmate; and,
        5. Staff sexual misconduct toward an inmate.

    B. **External Reporting**. Annually, sexual assault statistics shall be provided to the United States Department of Justice (Bureau of Justice Statistics). The annual report shall include the statistics in the following categories:

        1. Abusive sexual contacts;
        2. Nonconsensual sexual acts;
        3. Staff sexual harassment; and,
        4. Staff sexual misconduct.

        The annual report shall be forwarded to the U.S. Department of Justice (Bureau of Justice Statistics) via Internet transmission to the following address: http://harvester.census.gov/ssv.

    C. **Security Division Tracking**. The Department's Security Division shall track all allegations of sexual misconduct (staff and inmate) to include investigation results and any actions taken by the Department, Connecticut State Police and/or the courts.

17. **Forms and Attachments**. The following form is applicable to this Administrative Directive and shall be utilized for its intended function:

    A. CN 61201, Sexual Predator/Victim Profile Request.

18. **Exceptions**. Any exceptions to the procedures in this Administrative Directive shall require prior written approval from the Commissioner.