UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NICHOLAS CLARK,<br>    *Plaintiff*,<br><br>v.<br><br>THOMAS HANLEY, PETER MURPHY,<br>KIMBERLY WEIR, ROBERTO QUIROS,<br>AND JOHN/JANE DOES 1–9<br>    *Defendants*. | No. 3:18-cv-1765 (JAM) |

**ORDER RE EVIDENTIARY HEARING ON EQUITABLE TOLLING**

    This case involves claims by a state prisoner Nicholas Clark (now known as Veronica Clark) that arise from alleged acts of sexual abuse by a prison guard in 2011. Clark filed this action in October 2018, and the defendants have moved to dismiss the action on the ground that it was filed well beyond the maximum 3-year statute of limitations that applies to Clark's claims.

    Clark has opposed dismissal on the ground that the statute of limitations should be equitably tolled by reason of her medical and mental conditions and by reason of her fear of retaliation. "As a general matter, a litigant seeking equitable tolling must establish two elements: (1) that [she] has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010).

    In light of the parties' submissions and the arguments presented at oral argument yesterday, I am convinced that it is appropriate to conduct an evidentiary hearing to decide if Clark can sustain her burden to establish grounds for equitable tolling. It is common for courts to conduct such hearings. *See Montgomery v. Comm'r of Soc. Sec.*, 403 F. Supp. 3d 331, 336 n.5 (S.D.N.Y. 2018) (citing cases); *Moore v. City of Norwalk*, 2020 WL 6275033 (D. Conn. 2020).

1

A court may determine the issue of equitable tolling provided that it does not make factual determinations reserved by the Seventh Amendment for a jury to resolve as to a plaintiff's legal claims. *See, e.g., Sinha v. N.Y.C. Dep't of Educ.*, 127 F. App'x 546, 547 & n.1 (2d Cir. 2005); *Pauling v. Sec'y of Dep't of Interior*, 71 F. Supp. 2d 231 (S.D.N.Y. 1999). Where, as here, the issue of equitable tolling focuses on a plaintiff's mental state, "the court rather than the jury is to resolve the factual questions surrounding a plaintiff's mental state as relevant to the equitable tolling of a statute of limitations." *Montin v. Est. of Johnson*, 636 F.3d 409, 415 (8th Cir. 2011); *see also Melendez-Arroyo v. Cutler-Hammer de P.R. Co.*, 273 F.3d 30, 38–39 (1st Cir. 2001) (equitable tolling based on claim of mental disability may be adjudicated by the court rather than the jury; "[t]here are some possible connections to merits issues, but they are relatively slender").

The Court sets forth the following schedule and requirements related to the evidentiary hearing:

**Production of discovery.** The non-Hanley defendants shall produce all outstanding discovery to counsel for Clark and Hanley on or before **September 3, 2021** (provided, as to the medical records, that Clark timely executes the requested release).

**Scope of evidence to be considered by the Court.** Because the focus of the equitable tolling issue is Clark's mental state, the Court concludes that the hearing should be limited to the testimony of Clark and to the Court's additional consideration of any exhibits or documents that are not presently in the record and that any party wishes the Court to consider that bear on the issue of equitable tolling. Because one of the considerations may be the extent to which Clark had mental capacity to access the courts in general and her mental ability to advance a claim, the

parties are requested to file a copy of all documents filed by Clark or her counsel in her state habeas corpus action prior to the date of her filing of the complaint in this action.

**Pre-hearing filing of exhibits or other evidentiary material.** The parties shall file on the docket not later than **September 16, 2021**, any documents that they intend to use as exhibits during the hearing or that they wish the Court to consider with respect to the issue of equitable tolling (including the documents requested from Clark's state habeas corpus action). This does not require advanced disclosure of documents that may be introduced solely for impeachment purposes.

**The hearing.** The Court will proceed with the hearing at **10:00am on September 20, 2021**, subject to rescheduling in the event of a conflict. Counsel and Clark shall appear in person for the hearing; all other parties and members of the public may attend in person or observe the proceeding by Zoom. The Court will hear the testimony of Clark on direct examination, cross-examination, and re-direct examination, and following the hearing the parties may present oral argument as to whether Clark has sustained her burden to establish grounds for equitable tolling.

It is so ordered.

Dated at New Haven this 27th day of August 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge